# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

June 5, 2023

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

     Re:  *Castillo Carbajal, et al. v. K&P Facilities Maintenance, Inc., et al.*
           No. 23 Civ. 269 (AEK)

Dear Judge Krause:

     The Parties[1] in the above-referenced action jointly submit this letter-motion to request that the Court approve their Settlement and Release Agreement (the "Settlement Agreement") pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for the reasons set forth in detail below.

## FACTUAL AND PROCEDURAL HISTORY

     Plaintiffs Julio Cesar Castillo Carbajal, Jennifer Alicia Argueta Morales, and Cenia Moran allege that they are three former cleaning workers who performed their duties at Vassar Brothers Medical Center and Garnet Health Medical Center in the aftermath of the COVID-19 pandemic. Plaintiffs allege that Defendants K&P Facilities Maintenance Inc.[2] ("K&P") and Carlos Espinoza entered into contracts with these medical facilities to provide cleaning and decontamination services and subsequently subcontracted a portion of these services to Defendant Jimenez Facilities Maintenance Inc. ("Jimenez"), who, Plaintiffs allege, together with Defendants K&P and Carlos Espinoza acted as Plaintiffs' joint employer.

     Plaintiffs first notified Defendant K&P of Plaintiff Julio Cesar Castillo Carbajal's claims on February 22, 2022 via demand letter to their current counsel. Counsel for Plaintiffs later notified K&P of Cenia Moran's claims on June 24, 2022. Despite engaging

---

[1] Unless otherwise stated, defined terms used in this Letter-Motion have the same meanings assigned to them in the Parties' Settlement Agreement, which is attached as Exhibit 1.

[2] "K & P Facilities Maintenance Inc." was incorrectly identified in the caption of the Complaint as "K&P Facilities Maintenance Inc."

Hon. Andrew E. Krause
June 5, 2023
Page 2

in a few preliminary discussions regarding Plaintiffs' claims, no settlement was achieved and Plaintiffs, through their counsel Pechman Law Group PLLC ("PLG"), commenced this action on January 12, 2023 (ECF No. 1), adding Plaintiff Jennifer Alicia Argueta Morales, and alleging various claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiffs allege that Defendants failed to: (1) pay them overtime wages at the rate of one and one-half their regular hourly wage rates in violation of the FLSA (Claim I) and NYLL (Claim II), (2) timely pay Plaintiff Cenia Moran's wages in violation of the NYLL (Claim III), and (3) provide required wage notices at the time of hiring and accurate wage statements with each payment of wages in violation of the NYLL (Claims IV and V). *See* Complaint, ECF No. 1.

On April 14, 2023, Jimenez, K&P, and Carlos Espinoza filed their Answers to Plaintiffs' Collective and Class Action Complaint with the Court. *See* ECF No. 23 and 25. Each of the Defendants denies all substantive allegations made by Plaintiffs in this action.

The matter was referred to the Southern District's mediation program on February 17, 2023. *See* Court Order, ECF No. 17. The Parties participated in a day-long mediation with Mediator Elena Voss on May 1, 2023. On May 2, 2023, Mediator Voss reported to the Court that the Parties had reached a settlement on all issues. Thereafter, the Parties memorialized the terms of their agreement in the written Settlement Agreement attached as Exhibit 1.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

*Cheeks* requires stipulated dismissals with prejudice of FLSA claims to be approved by a court or the Department of Labor. 796 F.3d at 200. "[C]ourts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement" in considering its fairness. *Siler v. Landry's Seafood House - N. Carolina, Inc.*, No. 13 Civ. 587, 2014 WL 2945796, at *7 (S.D.N.Y. June 30, 2014) (citation omitted). A "proposed FLSA settlement [that] reflects a reasonable compromise over contested issues . . . should be approved." *Kudo v. Panda Restaurant Group, Inc.*, No. 09 Civ. 712 (CS), 2015 WL 13879800, at *2 (S.D.N.Y. June 26, 2015) (quoting *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *6 (S.D.N.Y. Dec. 13, 2011)). Courts in the Second Circuit consider the totality of the circumstances, including the five factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), when determining whether a proposed settlement is fair and reasonable.

Specifically, "in determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (citation and internal quotation marks omitted); *See Sicajan Diaz v. Pizza Napolitana, Inc.*, No. 19 Civ. 4911 (EK) (RML), 2020 WL 8265766, at *1 (E.D.N.Y. Dec. 4,

Hon. Andrew E. Krause
June 5, 2023
Page 3

2020) (Levy, J.)., *report and recommendation adopted*, No. 19 Civ. 4911(EK) (RML), 2021 WL 260093 (E.D.N.Y. Jan. 26, 2021).

## I.     The Parties' Settlement

In resolution of Plaintiffs' claims brought pursuant to the FLSA and NYLL, Defendants will collectively pay a gross amount of $35,000.00 (the "Settlement Amount") to Plaintiffs, to be paid upon the Court's approval of the Settlement Agreement. Exhibit 1, Settlement Agreement, §§ 1-2. In exchange, Plaintiffs will release Defendants from all wage and hour claims they may have against the Defendants and their identified Releasees, including but not limited to all claims alleged in this litigation. *Id.* § 11. The Settlement Agreement does not include a confidentiality provision and the non-disparagement provision included therein is structured to provide mutual protection to the Parties and includes the required carve-out for truthful statements. Further, the Settlement Agreement helps to ensure that Defendants pay the Settlement Amount by including a request that the Court retain jurisdiction over this Action for purposes of enforcing the Settlement Agreement. Ex. 1 § 25.

## II.    The Court Should Approve the Settlement Agreement as Fair and Reasonable

As set forth below, pursuant to *Wolinsky v. Scholastic Inc.,* the Parties' FLSA Agreement is fair and reasonable and should be approved.

### A. Plaintiffs' Range of Total Possible Recovery

In preparation for the mediation, Plaintiffs calculated damages and made an initial demand on April 24, 2023. Because Defendants had not produced any pay or time records prior to this submission, this initial demand was based on the Plaintiffs' best recollection of their hours and pay. Plaintiffs' counsel calculated the range of recovery for the alleged claims to be approximately $77,052.07, as follows:

| Plaintiffs | Julio Cesar Castillo Carbajal | Jennifer Alicia Argueta Morales | Cenia Moran | Total |
|---|---|---|---|---|
| Unpaid Overtime Wages | $9,248.00 | $10,520.00 | $480.00 | $20,248.00 |
| Liquidated Damages from Overtime | $9,248.00 | $10,520.00 | $480.00 | $20,248.00 |
| NYLL §191 Liquidated Damages | $0.00 | $0.00 | $3,180.00 | $3,180.00 |
| NYLL Interest | $1,285.92 | $2,029.55 | $60.60 | $3,376.07 |
| NYLL WTPA Damages | $10,000.00 | $10,000.00 | $10,000.00 | $30,000.00 |
| Total | $29,781.92 | $33,069.55 | $14,200.60 | $77,052.07 |

As shown above, the alleged maximum recovery of $77,052.07 is attributed to the claims made by the Plaintiffs representing overtime damages with liquidated damages, NYLL § 191 liquidated damages to Plaintiff Cenia Moran, NYLL pre- and post-judgment interest, and NYLL WTPA Damages. While these calculations represent Plaintiff's best-case outcome in this action as calculated by their counsel, Plaintiffs face substantial risks

Hon. Andrew E. Krause
June 5, 2023
Page 4

in a continued litigation due to a number of disputes between the Parties, as further addressed below.

On April 25, 2023, Defendant Jimenez Facilities Maintenance LLC made a limited production including handwritten time logs, pay stubs, and schedules. These productions only related to Plaintiffs Jennifer Alicia Argueta Morales and Cenia Moran and only covered portions of their alleged employment.

K&P and Carlos Espinoza allege that they did not employ any of the Plaintiffs, are not joint employers of Plaintiffs, and thus, did not violate NYLL or FLSA provisions with respect to the Plaintiffs' compensation.

Further, K&P and Carlos Espinoza contend that Plaintiffs' wage notice and wage statement claims (Claims IV and V in Plaintiff's Complaint) should be dismissed against all Defendants due to Plaintiffs' lack of Article III Standing to assert such claims. K&P and Carlos Espinoza assert that this is due to Plaintiffs' inability and failure to demonstrate a "tangible injury" based on these technical violations. *See, e.g., Francisco v. NY Tex Care, Inc.*, 2022 WL 900603, 7 (E.D.N.Y. Mar. 28, 2022) (even if wage notice and wage statement provisions were violated, "neither Plaintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action… [that would] constitute an injury that can be recognized by the federal courts"); *Metcalf v. Transperfect International Translations, Inc*, 2022 WL 4632835, 9 (S.D.N.Y. July 11, 2022), *report and recommendation adopted*, 2022 WL 4661926 (S.D.N.Y. Sept. 30, 2022) (dismissal of wage statement claims warranted as the complaint "does not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused Plaintiffs confusion or distress"); *Shi v. TL & CG Inc.*, 2022 WL 2669156, 9 (S.D.N.Y. July 11, 2022) (dismissing wage notice and statement claims); *Sevilla v. House of Salads One LLC*, 2022 WL 954740, 7 (E.D.N.Y. Mar. 30, 2022) (dismissing WTPA claim for lack of Article III standing where concrete harm was neither plead nor evidenced); Wang v. XBB, Inc., 2022 WL 912592, 13 (E.D.N.Y. Mar. 29, 2022) (same); *Sudilovskiy v. City WavCorp.*, 2022 WL 4586307, 5 (E.D.N.Y. Sept. 29, 2022) (same); *Perez v. Postgraduate Ctr. for Mental Health*, No. 19 Civ. 0931(EK)(PK), 2021 WL 3667054, at *7 (E.D.N.Y. Aug. 18, 2021) (same). If Plaintiffs' wage notice and wage statement claims were ultimately dismissed as K&P and Carlos Espinoza contend they should be, then Plaintiff's calculated damages are reduced by $30,000 from $77,052.07 to $47,052.07, and this lower total could be reduced even further in light of Defendants other defenses. As such, a risk exists that even if Plaintiffs are ultimately successful in this action, they could be awarded a lower amount then they are settling for here.

### B. Anticipated Burdens and Expenses in Claims and Defenses

The settlement was reached through arms-length negotiations between counsel for the Parties who recognized that continuing with the action presents major risks to both sides. Jimenez contends that Jennifer Alicia Argueta Morales and Cenia Moran were paid in accordance with the FLSA and NYLL and that their alleged hours are overestimated, using the limited records produced by Jimenez to corroborate this position. Defendants K&P and Carlos Espinoza further assert that they are not Plaintiffs' employers and reject

Hon. Andrew E. Krause
June 5, 2023
Page 5

Plaintiffs' allegations that they were a joint employer of any of the Plaintiffs along with Defendant Jimenez Facilities Maintenance LLC.  Jimenez also alleges that it never employed Julio Cesar Castillo Carbajal.  Conversely, Plaintiffs allege that they were jointly employed by the Defendants who failed to pay them adequate overtime wages for hours worked over forty in a workweek.  Plaintiffs also challenge the accuracy and authenticity of the limited records produced by Jimenez.

In sum, there are a variety of circumstances under which, even if successful, Plaintiffs may ultimately recover significantly less than they allege they are entitled to.  First, given the absence of complete pay and time records, Plaintiffs would have to rely on their own testimony as to their hours worked in addition to alleging that the limited records produced by Jimenez are not accurate.  Moreover, even if Plaintiffs are able to succeed on these issues of fact, there is still the possibility that K&P Facilities Maintenance Inc. and Carlos Espinoza will be able to establish that they are not Plaintiffs' employers and thus would be dismissed from the action completely without owing anything to the Plaintiffs.  Similarly, there is a risk that Jimenez will be able to establish that it did not employ Julio Cesar Castillo Carbajal and thus Mr. Carbajal's claims could be dismissed in their entirety.  *See Wu v. Maxphoto NY Corp.*, No. 15 Civ. 153050 (LDH) (ARL), 2016 WL 7131937, at *2 (E.D.N.Y. Nov. 15, 2016), *report and recommendation adopted*, No. 15 Civ. 3050 (LDH) (ARL), 2016 WL 7157973 (E.D.N.Y. Dec. 6, 2016) (considering risk of further litigation as a factor in determining the reasonableness of settlement stating, "the settlement also avoids further burdens and expenses for both sides and acknowledges the risks of continued litigation.").  In this case, if Plaintiffs were able to prove that Jimenez was their employer and that they were owed wages, a substantial risk exists that K&P and Carlos Espinoza are dismissed from the action which would leave Plaintiffs to collect against only Jimenez Facilities Maintenance LLC, which is no longer in business.

    C.  **Litigation Risks Faced by the Parties**

Continuing with the Action would be significantly expensive to both sides and could deplete resources that Defendants have agreed to put towards the settlement amount.  If this Action were to continue, the Parties would have to take and defend numerous depositions to resolve the disputed issues of fact, including the authenticity of the records produced by Jimenez, the hours worked by Plaintiffs, and whether the Defendants are joint employers of the Plaintiffs.  The Parties would also have to complete additional document discovery, including addressing possible ESI concerns surrounding potential text messages and e-mails exchanged between the Parties.  Afterwards, either Party could move for summary judgment.  If the Court denied summary judgment, the Parties would proceed to trial followed by potential appeals.  Even if fully successful, Plaintiffs would not see recovery in the action until after a judgment, assuming no collectability issues.

### D. Settlement was Reached Through Arms-Length Bargaining between Experienced Counsel

The settlement was the result of lengthy negotiations between the Parties over the course of a day-long mediation, in large part due to the assistance of the appointed mediator Elena Voss. *See Flores v. Dynamic Wireless NYC LLC*, No. 21 Civ. 6160 (OTW), 2022 WL 3363584, at *2 (S.D.N.Y. July 1, 2022) (finding that settlement resulting from court appointed mediation evidenced arm's-length negotiations). The Parties were both represented by experienced attorneys who were able to use their expertise to evaluate the claims and defenses and advise their respective clients. There has been no fraud or collusion in the negotiations. Notably, Plaintiffs do not currently work for any of the Defendants. *See Woods v. Fitzcon Constr./Ren Corp.*, No. 20 Civ. 8088 (ALC) (SLC), 2022 WL 17655576, at *4 (S.D.N.Y. Nov. 14, 2022), *report and recommendation adopted*, No. 20 Civ. 8088 (ALC) (SLC), 2022 WL 17632590 (S.D.N.Y. Dec. 13, 2022) (noting that Plaintiff did not work for Defendant upon filing Complaint thus "diminishing potential concern that [either] of the Plaintiffs may have been coerced into the [S]ettlement by their employer.") (citations omitted).

Considering the foregoing, the Parties respectfully request that the Court approve the Agreement as a fair and reasonable compromise under *Cheeks*.

### III. The Allocation of Attorneys' Fees and Costs is Reasonable

PLG has spent significant time investigating the factual and legal issues raised in this Action, reviewing the evidence retained by Plaintiffs and produced by Jimenez, attempting to resolve the matter in pre-suit negotiations, preparing the Complaint, and engaging in lengthy post-filing settlement negotiations with Defendants' respective counsel and negotiating and executing the settlement agreement. PLG used its experience in litigating wage-and-hour disputes to provide a satisfactory result for Plaintiffs. In accordance with Plaintiffs' retainer agreements, attorneys' fees pursuant to the Settlement Agreement are $11,509.33, equal to one-third (33.3%) of the recovery after the deduction of $472.00 in costs (*i.e.*, the Court's $402 SDNY filing fee and $70 in process server fees).

The one-third contingency fee in this case should be approved because it is the fee Plaintiffs agreed to in their retainer agreement with PLG. *See Kudo*, 2015 WL 13879800 at *3 (The Court should seek to enforce the parties' intentions in a contingent fee agreement, as with any contract); *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee that courts consider presumptively valid in FLSA cases. *See e.g, Wu*, 2016 WL 7157973, at *3 ("A one-third fee arrangement in FLSA settlement cases is 'routinely approved by courts in this Circuit.'"); *Sicajan Diaz*, 2020 WL 8265766, at *4 ("Courts in this Circuit routinely approve fees that are one-third of the total settlement in FLSA actions"); *Oxley v. Excellent Home Care Servs., LLC*, No. 18 Civ. 2374 (RJD) (CLP), 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), *rep. & rec. adopted*, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) ("Settlements of a one-third percentage are typically found reasonable in this Circuit.");

Hon. Andrew E. Krause
June 5, 2023
Page 7

*Singh v. MDB Construction Mgmt., Inc.*, No. 16 Civ. 5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018) ("A contingency fee award is presumptively valid where the proposed fee amount is exactly one-third of the net settlement amount."); *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.").

PLG's lodestar of approximately $27,764.50[3] is more than double the contingency fee PLG will receive to under the terms of the Settlement Agreement. The award is fair and reasonable in light of the result obtained, the "considerable risk" PLG undertakes by representing plaintiffs in FLSA cases on a contingency fee basis, and the "actual loss" PLG is assuming. *See, e.g., Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (noting risks associated with contingent fees in FLSA cases) (collecting cases). "Even where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees." *Mobley v. Five Gems Mgmt. Corp.*, No. 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018). To do so, courts typically perform a lodestar "cross-check"—that is, they compare the fees generated by the percentage method with those generated by the lodestar method. *Id*. Here, Plaintiffs' counsel's lodestar amounts to about $27,764.50, for a multiplier of approximately 0.42, which is *well below* the range of multipliers generally allowed in this Circuit.

Lastly, based on our thorough familiarity with the factual and legal issues in this case, the undersigned confirms that the hours reported are reasonable, were necessarily expended on this litigation, and were compiled from contemporaneous time records maintained by each attorney participating in the case. Accordingly, the one-third contingency fee in this case is fair, reasonable, and should be approved.

## CONCLUSION

For the foregoing reasons, the Court should approve the Agreement.

We thank the Court for its time and attention to this matter. The Parties are available if the Court needs any additional information to approve their Settlement Agreement.

Respectfully submitted,

s/*Vivianna Morales*

Vivianna Morales

---

[3] A copy of PLG's contemporaneous billing records are attached as Exhibit 2. The billing rates reflect rates actually paid by PLG's clients who pay for the firm's services on an hourly basis.

Hon. Andrew E. Krause
June 5, 2023
Page 8

cc: Counsel of Record (via ECF)
Attachments